Battle, J.
 

 We are clearly of opinion that his Honor, in the court below, erred in refusing to dismiss the attachment. The reason given by him for refusal to dismiss shows that he was misled by considering the case as coming within the provision of the 52d section of the 81st chapter of the Revised Code alone, without reference to the 14th section of the attachment law contained in the 7th chapter of the Code.
 

 The whole Revised Code was enacted as one statute consisting of various chapters, some of which have intimate connections with others and must be construed with reference to them. Hence the section of the chapter first above mentioned, which authorizes the issuing of a judicial attachment in certain cases, must be taken to mean such cases only as are not absolutely prohibited by the 14th section of the attachment law. The object of the last named section was the protection of non-residents from proceedings against their property without the security of an affidavit made and bond given by the plaintiff in the attachment, whenever the leading process in the suit has not been executed on the person of the defendant when within the State. It is manifest that without this provision every person having, or pretending to have, a claim against a non-resident, might evade the making an affidavit and giving a bond, as required in an original attachment, by first issuing original process against the defendant, and then, upon the return of
 
 non est inventus,
 
 electing to issue a judicial attachment, instead of issuing
 
 *430
 

 <m alias
 
 or
 
 pluries capias
 
 under the 52d section of the 31st chapter of the'Revised Code above referred to.
 

 The proceeding in this case purports not to be instituted, under the 16th section of the 7th chapter of the Code, for an injury to the proper person or property of the plaintiff; but, if it were, it cannot be sustained, because it does not appear that the defendant had absconded or concealed himself within three months after the commission oí the wrong.
 

 The only inquiry which remains to be considered is, whether the defendant had a right to move to dismiss the proceedings without having replevied the property. attached. The judicial attachment having been issued without any legal authority, the defendant was not in any way within the jurisdiction of the court, and it had not therefore any authority to proceed ; and nothing was left for it to do but to dismiss the proceeding, and this it ought to have done at the instance of the defendant, or of any other person, or ece
 
 mero motu.
 
 See
 
 Webb
 
 v. Bowler, 5 Jones, 362;
 
 Israel
 
 v. Ivey, decided at the present term, and the cases there referred to.
 

 The judgment must be reversed, and it must be certified to the court below that this court is of opinion that the attachment was not a proper process to be sued out by the plaintiff in this case, and that the writ ought to be quashed.
 

 Per Curiam. Judgment reversed.